**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**NORTHERN DIVISION**

| | | |
|---|---|---|
| JEFFERY L. CHICK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:26-CV-35 HEA |
| | ) | |
| WALMART, INC., | ) | |
| | ) | |
| Defendant, | ) | |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on Defendant's Motion to Dismiss Plaintiff's

Petition. [Doc. No 7]. For the reasons set forth below, the Motion will be granted.[1]

### Background

On February 6, 2026, Plaintiff, acting *pro se*, filed his Petition in the 14th

Judicial Circuit Court of Randolph County, Missouri, against Defendant. On

March 16, 2026, Plaintiff filed his Amended Petition.

The Amended Petition alleges that Defendant committed libel when it

---

[1] Plaintiff filed this action in state court. As such, his pleading is styled "Petition." Likewise, Defendant filed the Motion to Dismiss in state court under Missouri's Procedural Rules. The Court will construe the Motion under the Federal Rules of Civil Procedure.

"published" a "false sexual harassment claim" to the Missouri Department of Labor and Industrial Relations and then failed to attend the unemployment hearing to prove its allegations.

Defendant removed the action based on the Court's diversity of citizenship jurisdiction. 28 U.S.C. § 1332(a). Defendant now moves to dismiss based on a failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Plaintiff opposes the motion.

### Legal Standard

Rule 12(b)(6), requires dismissal when a complaint fails "to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). To survive a Rule 12(b)(6) motion, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 594 (8th Cir. 2009) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations omitted)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). "Determining whether a complaint states a plausible claim for relief is 'a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.' " *Montgomery v. Compass Airlines*, LLC, 98 F. Supp. 3d

2

1012, 1026 (D. Minn. 2015) (quoting *Iqbal*, 556 U.S. at 678). In applying this standard, the Court accepts the factual allegations as true and views them most favorably to Plaintiff. *Hager v. Ark. Dep't of Health*, 735 F.3d 1009, 1.013 (8th Cir. 2013).

The Court also notes that Plaintiff is acting *pro se* in this matter. When assessing the sufficiency of a complaint by a *pro se* plaintiff, courts should apply "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (*per curiam*) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). "If the essence of an allegation is discernible ... then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)). Even so, a *pro se* plaintiff "still must allege sufficient facts to support the claims advanced." *Stringer v. St. James R-1 Sch. Dist.*, 446 F.3d 799, 802 (8th Cir. 2006) (quoting *Stone*, 364 F.3d at 914).

### Discussion

"Under Missouri law, the elements of defamation are (1) publication (2) of a defamatory statement (3) that identifies the plaintiff, (4) that is false, (5) that is published with the requisite degree of fault, and (6) that damages the plaintiff's reputation." *Turntine v. Peterson*, 959 F.3d 873, 882 (8th Cir. 2020) (citing

3

*Overcast v. Billings Mut. Ins. Co.*, 11 S.W.3d 62, 70 (Mo. 2000). "In Missouri, determining whether statements are actionable as defamation is a two-step process." *Turntine*, 959 F.3d at 882 (citing *Hammer v. City of Osage Beach*, 318 F.3d 832, 842 (8th Cir. 2003)). The first step is to "determine whether a statement is capable of defamatory meaning." *Henry v. Halliburton*, 690 S.W.2d 775, 779 (Mo. 1985). Defamatory meaning is a meaning that "tends so to harm the reputation of another as to lower him in the estimation of the community or to deter third persons from associating or dealing with him." *Id*. Then, if it is determined that the statements in question are capable of such meaning, the second step is to "determine whether a privilege shields the defendant from legal action." *Turntine*, 959 F.3d at 882.

With respect to the allegations that  Defendant's statements to the Missouri Division of Employment Security ("Division") were actionable, Plaintiff cannot establish the requisite element of publication, because the statements are absolutely privileged. Mo.Rev. Stat. § 288.250 (proceedings before the Missouri Division of Employment Security are confidential and information provided to the Division in protest for a claim for unemployment compensation cannot be used as a basis for a defamation claim). Applying this statute, Missouri courts have held that statements made to the Division in protest of a claim for unemployment benefits are absolutely privileged. See *Remington v. Wal–Mart Stores, Inc.*, 817 S.W.2d 571,

4

574–75 (Mo.Ct.App.1991). Inasmuch as the statements made to the Division are absolutely privileged, they are not considered published for purposes of defamation. *Washington v. Thomas*, 778 S.W.2d 792, 796 (Mo.Ct.App.1989).

Accordingly, statements allegedly made by Defendant to the Division that Plaintiff was fired for sexual harassment are absolutely privileged. Defendant is entitled to dismissal. Whether the statements were fraudulent, willful, or made with malice is of no significance since the statements are absolutely privileged.

### Conclusion

Based upon the foregoing analysis, Defendant's Motion to Dismiss is well taken. Plaintiff's Petition fails to state a claim upon which relief may be granted.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss, [Doc. No. 7], is **GRANTED**.

A separate order of dismissal is entered this same date.

Dated this 8th day of July, 2026.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE